**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 08 2016


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO GONZALEZ-ORTEGA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-73137

Agency No. A201-240-753

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2015
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges and ZOUHARY,[**] District
Judge.

Sergio Gonzalez-Ortega petitions for review of a Board of Immigration

Appeals (BIA) decision affirming the denial of his applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

withholding of removal, and relief under the Convention Against Torture (CAT). We dismiss in part, deny in part, grant in part, and remand.

1. Gonzalez-Ortega argues that the BIA abused its discretion by finding that his asylum application did not qualify for the extraordinary circumstances exception to the one-year filing deadline. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5). Because the facts surrounding the reason for his delay are disputed, we lack jurisdiction to consider this question. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013). We therefore dismiss the petition as to his untimely asylum application.

2. The BIA improperly determined that Gonzalez-Ortega did not suffer past persecution in Mexico because the record compels the conclusion that he was persecuted "on account of" his homosexuality. *Parussimova v. Mukasey*, 555 F.3d 734, 738-39 (9th Cir. 2009) (quoting *Navas v. INS*, 217 F.3d 646, 655-56 (9th Cir. 2000)). The BIA concluded that Gonzalez-Ortega was victimized because of his general vulnerability and not due to his sexual orientation. But "[p]ersecutors' motivation should not be questioned when the persecutors specifically articulate their reason for attacking a victim," *Li v. Holder*, 559 F.3d 1096, 1111-12 (9th Cir. 2009), and his brother uttered homophobic slurs while raping him, making clear he was targeted because of his homosexuality. While his brother may have had other

motivations for repeatedly raping him, "a persecutor may be motivated by more than one central reason, and 'an asylum applicant need not prove which reason was dominant.'" *Singh v. Holder*, 764 F.3d 1153, 1162 (9th Cir. 2014) (quoting *Parussimova*, 555 F.3d at 741). Moreover, his cousin clearly targeted him only because his closeted homosexuality made him vulnerable. Therefore, the BIA erred by concluding that Gonzalez-Ortega was not raped "on account of" his homosexuality.

Additionally, the BIA misapplied our holding in *Castro-Martinez v. Holder,* 674 F.3d 1073 (9th Cir. 2011), by suggesting that Gonzalez-Ortega was required to report his abuse to the police in order to show government acquiescence to his persecution. "We have never held that any victim, let alone a child, is obligated to report a sexual assault to the authorities." *Castro-Martinez*, 674 F.3d at 1081. Our "review is limited to the BIA's decision" unless "the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). The BIA's pin cite to the IJ's opinion on this issue does not change our analysis—its discussion is cursory and does not reference the IJ's reasoning or conclusions—and thus we read the BIA as citing the IJ's opinion for factual support of the assertion that no reporting occurred, not as "expressly adopt[ing]" the IJ's reasoning. *Id.* (quoting

3

*Cordon-Garcia*, 204 F.3d at 990). We grant the petition and remand for further consideration of Gonzalez-Ortega's claim of past persecution under the proper legal standard and in light of all relevant record evidence.

3. The BIA's determination that Gonzalez-Ortega failed to show that he is more likely than not to suffer torture if returned to Mexico is supported by substantial evidence. Therefore, we deny the petition as to his CAT claim.

The government shall bear the costs for this petition for review.

**DISMISSED in part, DENIED in part, GRANTED in part and REMANDED.**

*Gonzalez-Ortega v. Lynch*, No. 12-73137

NGUYEN, Circuit Judge, dissenting:

I respectfully dissent only as to the denial of the petition for review of the BIA's decision on Gonzalez-Ortega's CAT claim. Though the BIA, incorporating the IJ's decision, noted that Mexico has taken steps to protect its gay and lesbian citizens, it failed to "examine the efficacy of those efforts." *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013). There is no indication that the BIA considered all of the relevant evidence on this point, including evidence submitted by Gonzalez-Ortega suggesting that Mexico's efforts have been ineffectual, and that government officials often brutalize, torture, and extort people because of their sexual orientation. When considering whether a person is likely to be tortured, the BIA must look to practical realities, not just legal obligations that may or may not be enforced. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1081 (9th Cir. 2015). Beyond that, the BIA overlooked conditions in Gonzalez-Ortega's home region and improperly placed the burden on him to show that he could not safely relocate within the country. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003). I would therefore remand Gonzalez-Ortega's CAT claim to the BIA for reconsideration.